IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH JESSE CRUZ,            )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  07 C 4591
                              )
HARRIS N.A.,                  )
                              )
            Defendant.        )

MEMORANDUM ORDER

This action has just been assigned to this Court's calendar. Although this Court's customary initial scheduling order is going forward contemporaneously with the issuance of this memorandum order, plaintiff's counsel--a lawyer experienced in the area of actionable employment discrimination--is directed to file, on or before August 28, 2007, a brief statement as to the basis for the survival of this action in the face of this holding that emanated from our Court of Appeals in Preston v. Wis. Health Fund, 397 F.3d 539, 541 (7th Cir. 2005):

> A male executive's romantically motivated favoritism toward a female subordinate is not sex discrimination even when it disadvantages a male competitor of the woman.  Such favoritism is not based on a belief that women are better workers, or otherwise deserve to be treated better, than men; indeed, it is entirely consistent with the opposite opinion....Neither in purpose nor in consequence can favoritism resulting from a personal relationship be equated to sex discrimination. Schobert v. Illinois Dept. of Transportation, 304 F.3d 725, 733 (7th Cir. 2002); Womack v. Runyon, 147 F.3d 1298 (11th Cir. 1998)(per curiam); Becerra v. Dalton, 94 F.3d 145, 149-50 (4th Cir. 1996); DeCintio v. Westchester County Medical Center, 807 F.2d 304, 308 (2d Cir. 1986).

Moreover, given the clarity of that message, counsel's statement should also address the viability of a federal claim targeting an employer's retaliatory conduct in response to an employee's complaints regarding some discrimination in employee treatment that is nonactionable federally.

This memorandum order should not be misunderstood as condoning conduct that, if it is accurately portrayed in the Complaint, is morally repugnant--and may perhaps also be legally redressable on some state-law-based theory. Instead the obvious concern here is one that should inform a threshold inquiry in the case: whether this federal forum is available to deal with the employer conduct that is described in the Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 17, 2007