IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH JESSE CRUZ,               )
                                 )
                Plaintiff,       )
                                 )
     v.                          )     No.  07 C 4591
                                 )
HARRIS N.A.,                     )
                                 )
                Defendant.       )

MEMORANDUM ORDER

Joseph Jesse Cruz ("Cruz"), represented by a lawyer with
extensive experience in the area of actionable employment
discrimination, has filed this action complaining of asserted
sex-based discrimination by Harris N.A. ("Harris").  Because
Cruz's allegations triggered this Court's recollection of a
Seventh Circuit decision that took a diametrically opposite view
of the viability of a claim predicated on the ground asserted by
Cruz, this Court issued a sua sponte August 17, 2007 memorandum
order ("Order") that cited and quoted from Preston v. Wis. Health
Fund, 397 F.3d 539, 541 (7th Cir. 2005), directing Cruz's counsel
to address that subject with a responsive filing on or before
August 28.

Cruz's counsel has done so, and her response is thoughtful
(no surprise, that)--perhaps thoughtful enough to cause our Court
of Appeals to take a fresh look at what was said and held in
Preston.  But district judges are of course bound by the

1

teachings of our Court of Appeals whether or not they might reach the same conclusion if they were writing on a clean slate, and this Court finds the response's efforts to distinguish Cruz's case from that found unsustainable in Preston really amount to asserting distinctions without a difference--a legal difference, that is.

For example, Preston found the absence of sex discrimination in an identical situation, on the premise that a male supervisor's favoritism toward a female subordinate because of their romantic relationship had the potential to injure all other subordinates--whether male or female. That being true, Cruz's assertion that he has been damaged as "the only comparable male employee not engaged in the relationship" (Response at 1) does not call the Preston reasoning or holding into question.

Essentially Cruz has pleaded himself out of court (see, e.g., such cases as Lekas v. Briley, 405 F.3d 602, 613-14 (7th Cir. 2005)). Because the flaw identified in the Order and reconfirmed here is incapable of cure, this Court dismisses both the Complaint and this action. That will enable Cruz, if he and his counsel so choose, to take the matter upstairs (both literally and figuratively) to challenge the state of the law as announced in Preston.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 23, 2007

2